UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA MCKINNON,

      Plaintiff,

                                   Case No. 26-cv-11935

v.                               Honorable Linda V. Parker

ALCONA COUNTY EMS, SCOTT
RICE, and TONI RHOADS,

      Defendants.

_____/

### OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, SUMMARILY DISMISSING PLAINTIFF'S TITLE VII AND ADA CLAIMS AGAINST DEFENDANTS RHOADS AND RICE, AND TERMINATING THESE DEFENDANTS AS PARTIES

## I.    INTRODUCTION AND BACKGROUND

On June 9, 2026, Plaintiff Angela McKinnon filed a Complaint in this Court alleging discrimination she faced from her former employer, Alcona County EMS. (ECF No. 1.)  Plaintiff also sues her former supervisor, Toni Rhoads, and Director of Alcona County EMS, Scott Rice.  On the same date, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which the Court is granting.  (ECF No. 2.)

Plaintiff brings her claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, and the Americans with Disabilities Act of 1990

1

("ADA"), 42 U.S.C. §§ 12112-12117.  As to her Title VII claims, Plaintiff alleges that she was terminated, sexually harassed, retaliated against, inadequately accommodated, and made to work in a hostile environment in violation of the Act. Regarding her ADA claims, Plaintiff alleges Defendants discriminated against her based on her cancer history, autoimmune disorder, and acute ICU illness.

Among other things, Plaintiff complains that Defendant Rhoads intentionally ordered a uniform much smaller than Plaintiff requested and made her try it on in front of her co-workers to embarrass her.  The Complaint also states that Rhoads harassed her for a doctor's note while she was in the hospital to such an extent that Plaintiff's attending physician had to speak with Rhoads on the phone to ask her to stop contacting Plaintiff while hospitalized.  Additionally, Plaintiff alleges Rhoads left Bibles in shared living and common areas, made several comments about Plaintiff and her son, and told her that she was "living in sin" and that her son is "wrong in God's eyes."

As it relates to Defendant Rice, Plaintiff alleges that Rice accessed her Licensing and Regulatory Affairs ("LARA") account portal without authorization while she was in the hospital.  Plaintiff complains that Rice changed her account information to prevent her from accessing her portal and attempted to register an emergency response vehicle under her name.  Plaintiff also alleges that Rice reported her off-duty ORV-OUIL conviction to the State of Michigan EMS

Compliance Coordinator, Scott Minaudo, in an effort to get Plaintiff's EMS license revoked. When Minaudo told her that her license was not in jeopardy, Plaintiff alleges Rice subsequently met with another compliance employee, which resulted in the revocation of Plaintiff's EMS license two months later. Plaintiff also states that she was terminated for "adversely affect[ing] the County's reputation in the Community." Plaintiff pleads that this justification for her termination was pretextual as it relates to her ADA claim.

Plaintiff has obtained and provided an EEOC Right to Sue letter that was issued on March 10, 2026. (ECF No. 1 at Page.ID.18-19). This Complaint was filed on June 9, 2026, which falls within the ninety-day window a plaintiff can file a suit after obtaining an EEOC Right to Sue letter. 42 U.S.C. § 2000e-5(f)(1) (discussing the ninety-day period in which a Title VII civil action may be brought following receipt of an EEOC Right to Sue letter); 42 U.S.C. § 12117(a) (same ninety-day discussion regarding ADA claims).

## II.    LEGAL STANDARD UNDER 28 U.S.C. § 1915(e)(2)(B)(ii)

The Court recognizes that *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers[,]" *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and "should therefore be liberally construed," *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).

That being said, *pro se* filings must still comply with the Federal Rules of Civil Procedure, and a "[p]laintiff's *pro se* status does not absolve [the plaintiff] from adhering to the Federal or Local Rules." *See Gardener v. Michigan*, No. 14-cv-14314, 2017 WL 9472883, at *3 (E.D. Mich Feb. 9, 2017) (citing *Sueing v. Blanchard*, No. 90-cv-10224, 2008 WL 2604976, at *1 (E.D. Mich. June 27, 2008)); *see also* Fed. R. Civ. P. 8 (stating the rules for pleadings in federal court).

Regarding the merits and sufficiency of a complaint, 28 U.S.C. § 1915 requires a court to dismiss a case in which the plaintiff proceeds *in forma pauperis* "at any time if the court determines that . . . (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff's complaint "must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

## III.   APPLICATION OF § 1915(e)(2)(B)(ii)

Exercising the screening required under § 1915(e)(2)(B)(ii), the Court is dismissing Plaintiff's Title VII and ADA claims against Defendants Rhoads and Rice.

4

### a.   Title VII Claims Cannot be Brought Against Individual Defendants

"The most obvious deficiency is Plaintiff's identity of the defendant[s]." *Baldwin v. Cole*, No. 25-cv-482, 2025 WL 2605402, at *4 (S.D. Ohio Sept. 9, 2025).  The Sixth Circuit has held that "Congress did not intend to provide for individual employee/supervisor liability under Title VII."  *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997).  Though the Title VII definition of "employer" includes "any agent" of an employer, courts have not construed the statute as providing a right of action against an individual defendant, but rather as incorporating respondeat superior liability.  42 U.S.C. § 2000e(b) (defining "employer"); *see Wathen*, 115 F.3d at 406 (citing *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993).

The Court is dismissing Plaintiff's claims against Defendants Rhoads and Rice because they fall outside the statutory scope of Title VII.  The Court is not dismissing Plaintiff's Title VII claims against Alcona County EMS because Alcona County EMS falls within the scope of Title VII as Plaintiff's former employer.

### b.   ADA Claims Cannot be Brought Against Individual Defendants

Similar to its construction of Title VII, the Sixth Circuit has concluded that "[i]ndividual supervisors who do not independently qualify under the statutory definition of 'employer' may not be held personally liable in ADA cases."

5

*Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999) (citing *Wathen*, 115 F.3d at 404 n.6) (discussing the similarity of Title VII and ADA liability schemes).  The ADA defines "employer" to include "a person engaged in an industry affecting commerce who has 15 or more employees . . . *and any agent of such person*."  42 U.S.C § 12111(5)(A) (emphasis added).  As discussed above, courts have held that the use of "agent" in this definition of "employer" does not include supervisors, but functions instead "to incorporate respondeat superior liability into the statute."[1]  *Wathen*, 115 F.3d at 406 (citing *Miller*, 991 F.2d at 587).

"The foregoing Sixth Circuit precedent establishes that [a plaintiff's] Title VII and ADA claims against . . . individual [d]efendants are not legally cognizable."  *Mayes v. City of Oak Park*, No. 05-cv-74386, 2007 WL 9751967, at *9 (E.D. Mich. Sept. 28, 2007).  For this reason, the Court is dismissing Plaintiff's ADA claims against Rhoads and Rice.  The Court is not dismissing Plaintiff's ADA claim Alcona County EMS as Plaintiff's former employer.

---

[1] *Wathen* discusses the Title VII definition of "employer" in evaluating the meaning of "agent."  Title VII and the ADA use nearly identical definitions of "employer."  *Compare* 42 U.S.C. § 2000e(b), *with* 42 U.S.C. § 12111(5)(A).  Courts have applied Title VII and ADA case law interpreting these definitions interchangeably.  *See Wathen*, 115 F.3d at 404 n.6 (citing *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279-80 (7th Cir. 1995)).  With this in mind, the Court applies *Wathen*'s Title VII interpretation of "agent" to the ADA definition of "employer."

## IV.   CONCLUSION

For the reasons described above, the Court **GRANTS** Plaintiff's Application

to Proceed *in Forma Pauperis*.  However, Plaintiff's Title VII and ADA claims

against Defendants Rhoads and Rice are **SUMMARILY DISMISSED** pursuant to

28 U.S.C. § 1915(e)(2)(B)(ii).  Rhoads and Rice are terminated as parties.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: June 30, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of
record and/or pro se parties on this date, June 30, 2026, by electronic and/or U.S.
First Class mail.

s/Aaron Flanigan
Case Manager